UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FIDEL PONS GONZALEZ,

      Petitioner,

    v.                      Case No.:  2:26-cv-01746-SPC-NPM

D.H.S. *et al*,

      Respondents,

/

## OPINION AND ORDER

Before the Court are petitioner Fidel Pons Gonzalez's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 5).

Pons Gonzalez is a native of Cuba who entered the United States on June 11, 2007, and later became a lawful permanent resident.  He was convicted of theft in 2013 and cocaine possession, possession of a weapon, and larceny in 2015.  An immigration judge ordered him removed on October 31, 2016.  Immigration and Customs Enforcement ("ICE") was unable to remove Pons Gonzalez to Cuba, so it released him under an order of supervision in 2017.  Since then, Pons Gonzalez has been convicted of burglary, vehicle theft, and criminal damage.

On November 27, 2025, local police arrested Pons Gonzalez for possession of cocaine and contacted Immigration and Customs Enforcement ("ICE").  ICE issued an immigration detainer, and Pons Gonzalez was

transferred to ICE custody on December 1, 2025. ICE initially detained Pons Gonzalez at Alligator Alcatraz. On January 26, 2026, ICE took Pons Gonzalez to the Mexican border and attempted to release him into Mexico. Pons Gonzalez did not cooperate, and ICE returned him to Alligator Alcatraz. He is currently detained at Glades County Detention Center. Pons Gonzalez argues his detention is unlawful because removal is not significantly likely in the reasonably foreseeable future.[1]

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal."

---

[1] Pons Gonzalez also argues ICE failed to follow proper procedures when revoking his release, but the Court denied that claim in *Pons Gonzalez v. Dep't of Homeland Sec.*, M.D. Fla. 2:26-cv-1311-SPC-DNF.

*Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents argue Pons Gonzalez's petition is premature because his current detention had not exceeded 180 days when he filed his petition. They assume a six-month presumptively reasonable period of detention starts each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas.* It would effectively allow DHS to arbitrarily detain noncitizens and avoid judicial scrutiny by limiting consecutive periods of detention to 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Pons Gonzalez carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The government was unable to remove him in 2017, and no change in circumstances makes removal to Cuba more likely now.

The burden thus shifts to the government. ICE points to its January 2026 attempt to send Pons Gonzalez to Mexico. But the evidence before the Court suggests that was an informal effort to compel voluntary departure, not an above-board removal attempt that complied with statutory and constitutional requirements. *See Andriasian v. Immigr. and Naturalization Servs.*, 180 F.3d 1033, 1041 (9th Cir. 1999) ("Failing to notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates both INS regulations and the constitutional right to due process."); *see also D.V.D. v. U.S. Dep't of Homeland Security*, --- F. Supp. 3d ---, 2026 WL 521557 (D. Mass. Feb. 25, 2026) (setting aside DHS's current third-country removal policy because it violates noncitizens' right to seek fear-based relief under the Convention Against Torture). ICE makes no attempt to show it has a plan in place to lawfully remove Pons Gonzalez.

The Court finds no significant likelihood Pons Gonzalez will be removed in the reasonably foreseeable future. However, assuring the presence of a noncitizen at the moment of removal is not the only statutory justification for immigration detention. "The second justification—protecting the community—does not necessarily diminish in force over time." *Zadvydas*, 533 U.S. at 690. The Supreme Court has "upheld preventative detention based on dangerousness only when limited to specially dangerous individuals and subject to strong procedural protections." *Id.* Given Pons Gonzalez's criminal history, the Court will give ICE an opportunity to determine whether his detention is necessary to protect the community.

Accordingly, it is hereby

**ORDERED:**

Fidel Pons Gonzalez's Petition for Writ of Habeas Corpus (Doc. 1) remains under advisement.

1. Within 30 days of this Order, ICE shall conduct a custody review to determine whether Pons Gonzalez poses a danger to the community sufficient to justify continued detention.

2. Within seven days of the custody review, the respondents shall file a supplemental response, addressing the results of the review and any updates on removal efforts.

3.  Pons Gonzalez may file a reply within three days of the supplemental

   response.

   **DONE AND ORDERED** in Fort Myers, Florida on June 22, 2026.

   SHERI POLSTER CHAPPELL
   UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record